IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TIMOTHY JAMES SCHULENBURG,

                Plaintiff,

v.

NAVIENT,

                Defendant.

OPINION & ORDER

15-cv-150-jdp

---

Pro se plaintiff Timothy Schulenburg is proceeding with claims against a loan servicing company, defendant Navient (which has answered and indicated that its name is actually Navient Solutions, Inc.). Plaintiff alleges that Navient wrongfully refused to separate a consolidated spousal loan. Dkt. 1. He asks me to order Navient to split the consolidated loan into two loans or, in the alternative, to discharge the loan in its entirety.

Navient has moved for judgment on the pleadings, pursuant to Federal Rule of Civil Procedure 12(c). This is the second time that plaintiff has sued his loan servicer in this court to address the company's refusal to separate his consolidated loan. The court dismissed the first case, *Schulenburg v. Sallie Mae (SLM Corp.)*, No. 14-cv-774 (W.D. Wis. filed Nov. 12, 2014), because plaintiff failed to pay the filing fee. According to Navient, that dismissal was on the merits, and so it precludes plaintiff from bringing the current suit.

I will deny Navient's motion for judgment on the pleadings because I do not agree that the court's dismissal in plaintiff's first case was a dismissal on the merits. To prevent further confusion, I will also direct the clerk of court to file an amended judgment in plaintiff's first case indicating that it was dismissed without prejudice.

ALLEGATIONS OF FACT

I draw the following factual allegations from plaintiff's complaint, accepting them as true for purposes of analyzing Navient's motion for judgment on the pleadings. *Finch v. Peterson*, 622 F.3d 725, 728 (7th Cir. 2010). I also summarize the procedural history of plaintiff's first case, which is a matter of public record and not in dispute.

Plaintiff attended college from 1994 to 1998, and he took out loans to pay for his education. For two years following graduation, plaintiff made payments on these loans. About that time, plaintiff met and married a woman who also had student loans. Plaintiff and his then-wife consolidated their loans with Sallie Mae (which has since become Navient). The couple combined plaintiff's $30,000 of indebtedness with her $70,000 of indebtedness. Since the consolidation, plaintiff has been in "financial turmoil." Dkt. 1-1, at 1. He and his wife are now divorced, but plaintiff retained full placement of their three children. Plaintiff is no longer able to make payments on the consolidated loan, and his ex-wife refuses to pay as well. He has asked Sallie Mae and Navient to separate the loans into one for his share of the debt and one for his ex-wife's share. The companies have refused to do so.

Plaintiff filed a complaint in this court against Sallie Mae on November 12, 2014, seeking an order splitting his consolidated loan. But that case did not proceed very far. Two days after plaintiff filed his complaint, the court denied his motion for leave to proceed in forma pauperis and directed him to pay the full filing fee. When plaintiff did not pay the fee, the court entered a document captioned as a "judgment in a civil case," indicating that the case was being dismissed for failure to prosecute.

About three months later, plaintiff filed this suit against Navient. His allegations and requested relief were almost identical. This time, however, plaintiff paid the filing fee and the

2

case got underway. In an earlier set of orders, I discussed the issue of subject matter jurisdiction, ultimately concluding that plaintiff had properly alleged that the parties were completely diverse and that the amount in controversy exceeded $75,000 for purposes of exercising diversity jurisdiction pursuant to 28 U.S.C. § 1332. Navient's motion for judgment on the pleadings, Dkt. 10, is now ripe for review.

## ANALYSIS

I may grant a motion for judgment on the pleadings "[o]nly when it appears beyond a doubt that the plaintiff cannot prove any facts to support a claim for relief and the moving party demonstrates that there are no material issues of fact to be resolved." *Moss v. Martin*, 473 F.3d 694, 698 (7th Cir. 2007). Here, Navient contends that plaintiff's claims are barred by the doctrine of res judicata, or claim preclusion, which "bar[s] a second suit in federal court when there exists: (1) an identity of the causes of actions; (2) an identity of the parties or their privies; and (3) a final judgment on the merits." *Kratville v. Runyon*, 90 F.3d 195, 197 (7th Cir. 1996). Although plaintiff disputes that any of these three elements are present, Navient's motion principally turns on whether plaintiff's first case resulted in a final judgment on the merits. I conclude that it did not.

In arguing that the first case resulted in a final judgment on the merits, Navient relies on Rule 41(b), which provides that "[u]nless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits." Navient contends that the dismissal order in plaintiff's first case did not "state otherwise," which means that it was an adjudication on the merits.

District courts have the authority to dismiss cases with prejudice for failure to prosecute, which would include failing to pay the filing fee. *O'Rourke Bros. v. Nesbitt Burns, Inc.*, 201 F.3d 948, 952 (7th Cir. 2000). But the Seventh Circuit has cautioned that "such dismissals may be frowned on, even reversed," particularly when the defendant has not been served. *Id.* Indeed, in the analogous context of pro se prisoners who fail to pay filing fees, the Seventh Circuit has reversed district courts that dismiss cases with prejudice "without first firing a warning shot or imposing other lesser sanctions." *Beyer v. Cormier*, 235 F.3d 1039, 1041 (7th Cir. 2000).

Here, Sallie Mae was never served with plaintiff's complaint, and the court's order denying plaintiff's application to proceed in forma pauperis indicated only that "[i]f plaintiff fails to submit payment by December 1, 2014, this case will be dismissed for failure to prosecute." *Schulenbug*, No. 14-cv-774 (W.D. Wis. Nov. 14, 2014) (order on IFP request). There were no other circumstances that would have supported dismissing plaintiff's case with prejudice. Thus, it would have been harsh for the court to have treated plaintiff's inability to pay the filing fee as a reason to forever bar him from litigating his claims. And the court would have been on shaky ground had that been its intended result in plaintiff's first case.

This court's standard practice is to simply close cases when a plaintiff does not pay the filing fee, and these closures are not intended to be with prejudice. *See, e.g.*, *Grissom v. Luduigson*, No. 14-cv-758 (W.D. Wis. May 8, 2016) (order granting plaintiff leave to proceed in forma pauperis); *Rodriguez v. Opportunities Inc.*, No. 15-cv-584 (W.D. Wis. Oct. 5, 2015) (order on IFP request); *Thigpen v. Foust*, No. 15-cv-35 (W.D. Wis. Jan. 20, 2015) (order on IFP request). The judge who denied plaintiff's motion to proceed in forma pauperis in the first case intended for that case to end in the same way: a dismissal without prejudice.

This leaves us with an apparent contradiction between what the court intended and what the docket from plaintiff's first case reflects. The court meant to dismiss plaintiff's first case without prejudice, but the text of Rule 41(b) might compel a different result because the dismissal order did not use the phrase "without prejudice." Fortunately, the Federal Rules of Civil Procedure provide a way around this impasse. Under Rule 60(b), plaintiff can move for relief from the first judgment for any reason that justifies relief. The inadvertent omission of language indicating that a dismissal is without prejudice certainly qualifies as such a reason.[1] To save time, I will construe plaintiff's opposition to Navient's motion for judgment on the pleadings in this case as a motion for relief from the judgment in the first case. "As a general rule, relief from a judgment under Rule 60(b) is an extraordinary remedy and is granted only in exceptional circumstances." *Bakery Mach. & Fabrication, Inc. v. Traditional Baking, Inc.*, 570 F.3d 845, 848 (7th Cir. 2009) (citations and internal quotation marks omitted). This case presents exceptional circumstances. Thus, I will grant plaintiff's motion and direct the clerk of court to file an amended judgment in the first case to reflect that it was dismissed without prejudice for failure to prosecute.

---

[1] Under Rule 60(a), I may sua sponte correct mistakes or clerical errors in a judgment or order. In explaining the difference between relief under Rule 60(a) and Rule 60(b), the Seventh Circuit has "identified the relevant distinction as being between changes that implement the result intended by the court at the time the order was entered and changes that alter the original meaning to correct a legal or factual error." *Wesco Prods. Co. v. Alloy Auto. Co.*, 880 F.2d 981, 984 (7th Cir. 1989). Put differently, "if the flaw lies in the translation of the original meaning to the judgment, then Rule 60(a) allows a correction; if the judgment captures the original meaning but is infected by error, the parties must seek another source of authority to correct the mistake." *Id.* (citations, alterations, and internal quotation marks omitted). This situation appears to fit the mold for relief under Rule 60(a): the judgment in the first case did not convey the court's intent to dismiss plaintiff's first case without prejudice.

Because plaintiff's first case did not result in a final judgment on the merits, it does not bar plaintiff's claims in this case. I will deny Navient's motion for judgment on the pleadings.

ORDER

IT IS ORDERED that:

1. Defendant Navient's motion for judgment on the pleadings, Dkt. 10, is DENIED.

2. Pursuant to Federal Rule of Civil Procedure 60, plaintiff Timothy Schulenburg is entitled to relief from the judgment entered against him in case number 14-cv-774. The clerk of court is directed to docket a copy of this order in that case and to amend the judgment in that case to indicate that it was dismissed without prejudice.

Entered April 18, 2016.

BY THE COURT:
/s/

_____
JAMES D. PETERSON
District Judge